UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
) Case No. 1:05-CR-135
v. )
) Judge Edgar/Lee
)
JODY DALE JENKINS )

**MEMORANDUM OPINION**

Defendant, Jody Dale Jenkins ( "Jenkins"), is charged in a one count of the indictment with, on April 22, 2004, knowingly making a false statement to a licensed firearms dealer with the intent to deceive the dealer in violation of 18 U.S.C. § 922(a)(6). Specifically Jenkins answered "no" to a question on a Bureau of Alcohol Tobacco and Firearms form asking whether he had ever been convicted in any Court of a misdemeanor crime of domestic violence. 18 U.S.C. § 922(a)(6). At the final pretrial conference Jenkins' counsel asserted that as a matter of law Jenkins does not have a conviction for such a misdemeanor. Since this a matter of law to be resolved before this case can proceed further, this Court hereby undertakes to resolve it.

18 U.S.C. § 921 (a)(33)(A) defines the term "misdemeanor crime of domestic violence" as follows:

> ...the term "misdemeanor crime of domestic violence" means an offense that-" is misdemeanor under Federal, State, or Tribal law: and (ii) has, as an element, the use or attempted use of physical force, or threatened use of a deadly weapon, committed by current or former spouse, parent, or guardian of the victim, by a person with

1

whom the victim shares a child in, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim..."

Jenkins pled guilty on July 14, 1999, in Tennessee State Court to a misdemeanor assault, T.C.A. § 39-13-101. While the Tennessee assault statute at that time did not specifically mention the term, "domestic violence", the judgment entered by the State Court describing the offense read as follows: "Simple assault(Dom Vio.)(Domestic)." The State judgment also reads: "advised of Federal firearms law." This statement is acknowledged by Jenkins' signature. This notice was given to Jenkins' pursuant to another Tennessee Statute, T.C.A. § 40-14-109, which specifically required persons convicted of a "domestic violence offense" be given notice of the federal firearms prohibition. While the factual basis of Jenkins' guilty plea does not appear in the judgment, this Court has been orally advised that the assault by Jenkins, was committed upon his then live-in female companion, now his spouse.

Although there is no reported authority in the Sixth Circuit, and no reported case that deals directly with the Tennessee Statute in question, several other Circuits have held that a "misdemeanor crime of domestic violence" includes State misdemeanor assault convictions where there was in fact a domestic assault involving the use of or attempted use of physical force, but where the State statute does not require as a element of the offense that the victim be a member of a domestic household. *United States v. Heckenliable*, 446 F.3d 1048 (10th Cir. 2006) (collecting cases from other circuits).

In the case at bar there is no need to look past the kind of documents mentioned by the Supreme Court in *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 1263 (2005). The fact

that the defendant's conviction was for a domestic assault appears on the face of the judgment itself. Thus, the Court concludes, as a matter of law, that the defendant, at the time he signed the BATF form in 2004, did in fact have a prior conviction for a misdemeanor crime of domestic violence as defined by 18 U.S.C. § 921(a)(33)(A),and the jury will be so instructed if the case gets to the jury.

**ENTER** this the 16th day of February, 2007.

/s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE