UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No.  1:05-CR-135 |
| v. | ) | |
| | ) | Judge Edgar |
| | ) | |
| JODY DALE JENKINS | ) | |

## **MEMORANDUM**

Defendant Jody Dale Jenkins is charged by indictment with a single count with making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  The government's allegation is that on April 22, 2004, Jenkins, in attempting to purchase a firearm at a licensed firearms dealer, knowingly made a false statement denying that he had been convicted of a crime of domestic violence.  The defendant went to trial and was convicted by a jury.  This Court reserved ruling on defendant's Fed. R. Crim. P. 29 motion for judgment of acquittal.  Jenkins has now renewed that motion and also seeks a new trial pursuant to Fed. R. Crim. P. 33 [Doc. No. 30].

## **Motion for Judgment of Acquittal Fed. R. Crim. P. 29**

The Court reviews this motion under the familiar *Jackson v. Virginia* standard.  The issue is "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Meyer*, 359 F. 3d. 820, 826 (6th Cir. 2004) (quoting *United States v. Humphrey*, 279 F. 3d. 372, 378 (6th Cir. 2002); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

Under this standard the Court is compelled to deny Jenkins' motion for judgment of acquittal.  This Court has already held [Doc. No. 24] as a matter of law that the defendant did indeed

1

have a 1999 conviction for domestic assault, even though the State of Tennessee, where the conviction occurred, did not technically have a statute specifically dedicated to "Domestic Assault." Defendant's primary contention in this case was that he did not knowingly make a false statement because he did not know for sure he had a domestic assault conviction. There was evidence in the form of testimony by a state Court judge that the judge in defendant's 1999 assault case as a matter of course would have told Jenkins that he indeed did have a domestic violence conviction. The judge also testified that he would have told Jenkins that he (Jenkins) was disqualified from possessing a firearm. The judge, however, has no specific recollection of Jenkins. There are also State court documents signed by Jenkins which on their face indicate that the 1999 assault did involve domestic violence. This evidence was sufficient to get the case to the jury, the jury could have concluded that the defendant knowingly made a false statement in 2004 while attempting to purchase a firearm. Accordingly, Jenkins motion for judgment of acquittal will be denied.

## Motion for a New Trial under Fed. R. Crim. P. 33

Here the standard is a bit different. In deciding a motion of new trial the Court considers the credibility of the witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. *United States v. Solerio*, 337 Fd. 3d. 580, 589 n.6 (6th Cir. 2003); *United States v. Lutz,* 154 F.3d. 581, 589 (6th Cir. 1998).

The evidence recited above is only part of the story here. In 2001 Jenkins had applied to purchase a firearm from another licensed firearm dealer. Jenkins answered the required forms by saying that he did not have a domestic violence conviction. Jenkins testified in the case at bar that he did not remember the admonition from Judge Carter, the state judge. Although his signature does appear on 1999 state court documents which indicate that his assault conviction was for domestic violence, Jenkins testified that he did not have counsel, and just signed the papers because he wanted to get of the jail where he had been ensconced all night. Sure enough, his application to purchase a firearm came back approved, and he did indeed purchase a firearm in 2001.

Then three years later, in 2004, he says with obvious justification that he did not know that he was disqualified to purchase a firearm. When he answered the form question about whether he had a prior domestic violence conviction, he answered no. This time his purchase was denied. Jenkins then perfected an appeal of that decision. The next thing he knows, he is arrested at his place of employment, by the Bureau of Alcohol Tobacco and Firearms.

This is a difficult case for the Court. Had the Court been on the jury it would have voted to acquit Jenkins. As the Court sees this case, the verdict is indeed manifestly against the weight of the evidence, and the verdict amounts to a miscarriage of justice.

Since Jenkins was indeed approved for the purchase of a firearm two years after his state conviction, he had good reason to believe that he was a qualified firearms purchaser. Moreover, his second attempt to purchase a firearm was obviously triggered by a snafu on the government's part in approving the defendant's 2001 firearms purchase. His following of the rules by filing an appeal is completely inconsistent with the government's contention that Jenkins knew that he could not purchase a firearm.

For these reasons, the Court will enter an Order granting the defendant's motion for new trial pursuant to Fed. R. Crim. P. 33.

A separate order will enter.

ENTER this the 22nd day of March, 2007.

                    */s/ R. Allan Edgar*
                   R. ALLAN EDGAR
                 UNITED STATES DISTRICT JUDGE